# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

THOMAS B. SIMCOE,

          Plaintiff(s),         **DECISION AND ORDER**

     v.                     10-CV-6531

LIEUTENANT TIMOTHY GRAY, NTPD,
OFFICER JEFFREY SMITH, NTPD and
OFFICER KEITH GLASS, NTPD,

          Defendant(s).

---

## Preliminary Statement

*Pro se* plaintiff brings this 42 U.S.C. § 1983 action against defendants on grounds, *inter alia*, that defendants used excessive force against him in violation of his constitutional rights. See Complaint (Docket # 1).  Currently pending before the Court are plaintiff's motions to amend Complaint (Docket # 26), to compel (Docket # 41) for contempt (Docket # 46) and to appoint counsel (Docket # 50), and defendants' motion to compel (Docket # 57).

## Discussion

## I.   Plaintiff's Motion to Amend Complaint

Plaintiff filed his original Complaint on September 17, 2010, asserting that on September 29, 2007, defendants Gray, Smith and Glass, all of whom are police officers with the North Tonawanda Police Department, violated his Fourth and Fourteenth Amendment rights by using excessive force against him in connection with his arrest on that date. See Complaint (Docket # 1).  The defendants were served by the United States Marshal and answered plaintiff's

Complaint on December 29, 2010.  <u>See</u> Answer (Docket # 9).

On May 2, 2011, plaintiff filed the instant motion to amend. In his motion plaintiff seeks to add two new defendants: The City of North Tonowanda ("City") and Randy Szukala, the City's Chief of Police.  As to Chief Szukala, Simcoe seeks to add a cause of action alleging Szukala failed to train, supervise and discipline his subordinates, failed to address or correct unconstitutional practices he was aware of, and for failure to investigate plaintiff's complaint against the defendant officers. (Docket # 26).  Plaintiff further alleges that Szukala "had actual knowledge of prior excessive force abuses by the subordinates, failed to address or correct these unconstitutional practices and in fact acquiesced to the use of police brutality." <u>Id.</u> As to the City, Simcoe seeks to add a cause of action alleging that the City has "a custom and or policy" of deliberate indifference to constitutional violations, and there exists "a causal connection between the [City's] deliberate indifference and excessive force by the police." <u>Id.</u>  Although plaintiff failed to attach a copy of a proposed Amended Complaint to his May 2nd motion papers, plaintiff filed his proposed Amended Complaint with his Reply in further support of his motion to amend on July 5, 2011.  <u>See</u> Proposed Amended Complaint attached to Docket # 34.

"A district court has broad discretion in determining whether to grant leave to amend." Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000).  Pursuant to Rule 15(a)(2), leave to amend a pleading should be freely granted, absent a showing of "excessive delay, prejudice to the opposing party, or futility." Friedl v. City of N.Y., 210 F.3d 79, 87 (2d Cir. 2000); Lucente v. Int'l Machs. Bus. Corp., 310 F.3d 243, 258 (2d Cir. 2002).  A proposed amendment would be futile if it could not withstand a Rule 12(b)(6) motion to dismiss and/or where the claim is barred by the applicable statute of limitations period. See Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000); McKinney v. Eastman Kodak Co., 975 F. Supp. 462, 465 (W.D.N.Y. 1997).  Here, the proposed amendments will be deemed futile if they are time barred.

"Relation Back" and the Statute of Limitations: Under the Federal Rules of Civil Procedure ("FRCP"), an amended Complaint adding a new party will "relate back" to the filing of the original Complaint for statute of limitations purposes only if certain conditions are met.  FRCP Rule 15(c) is entitled "Relation Back of Amendments" and provides that an "amendment to a pleading relates back to the date of the original pleading when":

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or

    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

    The statute of limitations for a Section 1983 action arising from events in New York is New York's three-year limitations period applicable to personal injury actions. Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997). Accordingly, here plaintiff's Section 1983 claims accrued on September 29, 2010 – three years after the incident on September 29, 2007. Thus, unless the claims against proposed defendants City of North Tonawanda and Chief Randy Szukala "relate back" to the filing of his original Complaint, plaintiff's claims against the proposed defendants are time barred because they are outside the three year statute of limitations.

    Viewing *pro se* plaintiff's proposed pleading liberally, I find that his allegations against the proposed defendants arise out of the same conduct, transaction and occurrence set forth in the original Complaint. As a result, plaintiff has satisfied this prerequisite for application of the relation back doctrine. I find, however, that Simcoe has not established the "mistake" requirement under Rule 15(c) and accordingly his claims against the

City and Chief Szukala are untimely.  For this reason, his proposed amendments would be futile.[1]

  <u>Mistake Under Rule 15(c):</u>  A mistake in identity can be a factual mistake (*i.e.*, that Simcoe misapprehended the identity of the party he wished to sue) or a legal mistake (*i.e.*, that Simcoe misunderstood the legal requirements of his cause of action).  <u>Soto v. Brooklyn Corr. Facility</u>, 80 F.3d 34, 36 (2d Cir. 1996).  Once a mistake is shown, whether amendment adding the party relates back depends on what the new defendant knew or should have known, not on the plaintiff's knowledge or timeliness in seeking to amend the pleading.  <u>Krupski v. Costa Crociere S. p. A.</u>, ___ U.S. ___, 130 S. Ct. 2485, 2496 (2010).  Here Simcoe has not demonstrated a cognizable mistake.  He claims that his mistake was a "legal mistake" and alleges that he was "misinformed at the county jail that [he] had one year to file a civil suit."  <u>See</u> Plaintiff's Reply (Docket # 34) at p. 4.  He "believed all was lost" and "[i]t was only while researching my criminal appeal that I 'stumbled' on the three year statute of limitations for this action."  <u>Id.</u>  Simcoe's explanation may set forth a mistake as to why he did not sue defendants for a  civil tort under New York law, but does not

_____

  [1] <u>See</u> <u>Sepulveda v. City of N.Y.</u>, No. 01 CV 3117(GBD), 2003 WL 22052870, at *3 n.4 (S.D.N.Y. Sept. 2, 2003)(noting that "the New York Court of Appeals has noted that New York's relation back rule is largely patterned after the federal rule [Rule 15(c)]" and "district courts in this circuit have found that New York's relation back law employs a similar standard as the federal rule")(citations omitted).

constitute a mistake for purposes of the relation back doctrine. The fact is that plaintiff filed a timely federal civil rights action against the officers who allegedly assaulted him, could have named Chief Szukala and the City as defendants in his lawsuit, and did not do so.  Simcoe's argument that he needed "more information" through discovery before being able to allege plausible claims against Chief Szukala and the City is also untenable and contradicted by the proposed amended complaint itself.  Indeed, Simcoe's proposed amended complaint includes no real "facts" on either of his proposed new claims.  Instead, his proposed claims consist of conclusory, broad and unsupported general allegations that the City was "on constructive notice" of "prior instances of unusual brutality by its police officers" and that Chief Szukala is liable because he "failed to train, supervise, discipline and investigate [North Tonowanda] police officers."  See Proposed Amended Complaint attached to Docket # 34 at pp. 2-3.  For these reasons, plaintiff's motion to amend his complaint (Docket # 26) is **denied**.[2]

---

[2] Even if allowed to relate back, the proposed amended complaint would be subject to dismissal for failure to state a claim. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)("[T]o state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983."); Mimms v. Carr, No. 09-CV-5740 (NGG)(LB), 2011 WL 2360059, at *14 (E.D.N.Y. June 9, 2011)(a general claim that various defendants failed to supervise or train "is wholly conclusory, and thus insufficient to support a finding

## II. __Plaintiff's Motion to Compel__

With the instant motion to compel, plaintiff seeks an Order compelling defendants to produce documents in response to his Request for Production and Inspection of Documents and Things dated June 13, 2011 (Docket # 33). (Docket # 41). Plaintiff asserts that these documents are "relevant" to his case and are "needed to establish his claims of liability and these relevant materials cannot be accessed by any other means." (Docket # 41). On July 14, 2011, defendants filed their response to plaintiff's Request for Production of Documents, therein asserting objections to eighteen of nineteen of plaintiff's requests. (Docket # 36). The bases for defendants' objections include that plaintiff's requests are (1) not relevant or likely to lead to the discovery of admissible evidence, (2) duplicative of prior discovery requests that have already been objected to and are before the Court for *in camera* review,[3] (3) overly broad, vague, unduly burdensome, (4) not in the possession, custody or control of the defendants, and (5)

of liability.").

[3] On April 7, 2011, the Court held a telephone scheduling conference to address, *inter alia*, the parties' discovery dispute regarding the discoverability of the contents of defendants' personnel files. The Court ordered defense counsel to make an *in camera* submission on materials from defendants' personnel files by April 22, 2011. (Docket # 23). On April 21, 2011, defense counsel submitted for *in camera* review a copy of the defendants' personnel and disciplinary files, as well as one complaint made against defendant Gray concerning the prior use of excessive force. These documents are before the Court and this Decision will address whether these documents must be produced.

protected by common law and statutory privileges.  (Docket # 36).

The documents in dispute generally relate to plaintiff's demand to review the personnel files of the named defendants. Prior complaints made against the defendants, whether substantiated or not, are discoverable in § 1983 civil rights actions so long as the complaints are similar to the constitutional violations alleged in the complaint or are relevant to the defendant's truth or veracity.  Chatman v. Felker, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *5-6 (E.D. Cal. Jan. 23, 2009); Session v. Rodriquez, No. 3:03CV0943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4, 2008); Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997).

The Court has reviewed the papers in support of (Docket # 41) and in opposition to (Docket # 49) plaintiff's motion to compel (Docket # 41), as well as the documents submitted to the Court by defense counsel on April 21, 2011 for in camera review.  Based on this review, the Court directs defense counsel to provide the plaintiff with a copy of the portions of the letters of commendation issued to Officer Glass and Officer Smith, and the October 2, 2007 Letter of Commendation authored by Chief Szukala that sets forth factual information regarding the incident resulting in the plaintiff's arrest on September 29, 2007.  These documents are directly relevant to plaintiff's claims in the instant lawsuit.  Defense counsel may redact language reflecting the opinions of the author which caused the commendation letters to

8

be issued.  The Court also directs that should this matter survive summary judgment, defense counsel must submit to the trial judge for review at an appropriate time in advance of trial any and all documents relating to previous excessive force complaints against any defendant.  Such information may, in the judgment of the trial judge, constitute discoverable and/or admissible impeachment evidence.  It will be up to the trial judge to determine when and how such impeachment information may be used by plaintiff.  In all other respects, plaintiff's motion to compel (Docket # 41) is **denied.**

### III. <u>Plaintiff's Motion for Contempt</u>

With the instant motion, plaintiff seeks an Order against Federal Bureau of Investigations ("FBI") Special Agent Laurie Bennett for contempt.  (Docket # 46).  Plaintiff maintains that in July 2011 Agent Bennett was served with a subpoena which required the production of documents, but Agent Bennett has failed to respond to the subpoena or produce the documents.  (Docket # 46). The subpoena seeks the production of "paper documentation" regarding "[a]ny investigation and interview notes, e-mails, letters pertaining to Thomas Simcoe's formal complaint to your office against North Tonawanda PD officers Lt. Gray, Ofcs. Jeffrey Smith & Keith Glass (2001-2008 time frame)" and "[a]ny other documentation relating to complaints against these officers." <u>See</u> Exhibit "1A" attached to Declaration of David T. Szumski, SSA

9

annexed to Docket # 52.

Assistant United States Attorney Mary E. Fleming, Esq. submitted a Memorandum of Law in Opposition to plaintiff's motion. See Docket # 52. In the Memorandum, the United States argues that (i) the subpoena has not been properly issued, and (ii) the Court lacks jurisdiction to enforce plaintiff's subpoena because plaintiff failed to comply with the Department of Justice's Touhy[4] regulations. See id. First, the United States points out that the subpoena that plaintiff served on the FBI "was not issued by a court, the clerk of the Court, or by an attorney." See id. at p. 2. The United States asserts that the subpoena was signed by plaintiff Simcoe, a *pro se* litigant who "does not have the authority to issue a subpoena" and, as a result, "the subpoena is unenforceable." Id. at pp. 2-3. Second, the United States argues that the regulatory provisions of 28 C.F.R. § 16.01 *et seq.* prohibit the FBI from responding to the subpoena issued by plaintiff. Id. at p. 3. The United States maintains that said regulations prohibit the FBI from producing documents in proceedings in which the United States and/or the FBI is not a party to the action. Id. The Government asserts that in order to obtain the documents he seeks from the Department of Justice (which the FBI is a part of), plaintiff "must comply with the so-called 'Touhy' regulations, found at 28 C.F.R. §§ 16.21 *et seq.*" Id. at

_____

[4] United States *ex rel.* Touhy v. Regan, 340 U.S. 462 (1951).

p. 5.   The United States contends that once he has followed the requisite procedures under the Touhy regulations, and received "federal agency action in response to his request, he may seek review of the Department's decision, should it fail to comply with his demand, in the district court." Id. Until then, since "Simcoe has not received such final agency action ... this Court lacks jurisdiction to address the merits of Simcoe's application under this procedure." Id.

Because the Court agrees with the Government that the *pro se* plaintiff has no authority to independently issue the subpoena, the Court will not enforce the subpoena at issue. See Fed. R. Civ. P. 45(a)(2) and (3). Accordingly, plaintiff's motion for contempt (Docket # 46) is **denied.**

## IV.   Plaintiff's Motion to Appoint Counsel

With the instant motion to appoint counsel, plaintiff requests that the Court appoint him counsel to represent him at his deposition, which has yet to take place.[5]   (Docket # 50). Plaintiff asserts that the appointment of counsel is necessary because he does not believe he is "sufficiently well versed in the law and thus not capable of dealing with my professional adversaries singlehandedly" during his deposition. Id. For the reasons that follow, plaintiff's motion for appointment of counsel

_____

[5] Plaintiff's deposition was scheduled for August 23, 2011, but was adjourned pending a determination on plaintiff's instant motion for counsel.

(Docket # 50) is **denied without prejudice to renew**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  An assignment of counsel is a matter within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).  "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994).  The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that plaintiff's allegations satisfy the initial threshold showing of merit.  See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)(finding plaintiff's allegation that he was "savagely" beaten while being taken into custody —— resulting in

headaches, permanent scars, and tendon damage -- satisfy a "threshold showing of merit"); Allen v. Sakellardis, No. 02 Civ.4373(JSR)(DF), 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003)(finding that plaintiff's allegations that corrections officers assaulted him while he was restrained might have merit). However, having reviewed the Complaint and considered the nature of the factual and legal issues involved, as well as the plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Plaintiff's Complaint is detailed in nature and adequately describes the events that led to his alleged injuries. The details contained in the Complaint suggest that investigating the claims made in the instant action will not be a complicated exercise for plaintiff, as the factual circumstances and legal issues largely focus on a single incident -- that is, the alleged excessive force defendants used on plaintiff during his arrest on September 29, 2007. See, Allen, 2003 WL 22232902, at *2 (denying plaintiff's motion to appoint counsel after noting that plaintiff's claim "largely focuses on a single incident," and, therefore, plaintiff "should be able to obtain the documentary evidence relating to that incident, regardless of whether he is represented by counsel"). The factual circumstances surrounding

plaintiff's claims do not appear to be unusually complicated and, at least at this point in time, plaintiff has shown that he is capable of prosecuting his case.   Plaintiff has drafted legible, organized, cogent and appropriate pleadings, discovery demands and motions backed by legal research.   See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel after noting that "there is no indication that [plaintiff] lacks the ability to present his case"); Harris v. McGinnis, No. 02 Civ. 6481(LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(denying application after finding that plaintiff seemed capable of understanding and presenting the legal issues raised by his claims, as his papers were clear, addressed relevant issues and cited pertinent case law); Avent v. Solfaro, 210 F.R.D. 91, 93-94 (S.D.N.Y. 2002)(where plaintiff demonstrated his ability to present facts, draft pleadings and motions "backed by legal research," court declined to appoint counsel).

Given the limited resources available with respect to pro bono counsel, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005)(court denied motion to appoint counsel despite plaintiff's claim "that appointed counsel is necessary to represent him during his deposition by defendants"); Harris v. McGinnis, No. 02 Civ. 6481 (LTSDF), 2003 WL 21108370, at *2

14

(S.D.N.Y. May 14, 2003)(application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination").  Plaintiff may consult with the Western District *pro se* office attorneys for questions on process and procedure.

## V.    Defendants' Motion to Compel

With the instant motion, defendants seek an Order compelling plaintiff to provide defendants with an authorization to obtain his mental health records.  (Docket # 57).  Defendants assert that plaintiff should be ordered to provide them with an authorization to obtain his mental health records "because he has waived his ability to assert the psychotherapist-patient privilege by placing his mental health directly at issue in this matter."  See Declaration of Susan B. Parzymieso, Esq. annexed to Docket # 57 at ¶ 4.  Defendants contend that the state of plaintiff's mental health at the time of the alleged incident is relevant "because it contributed to his being responsible for causing his own injuries" and at the time of the incident the defendants "were aware of his mental health history and acted with that information in mind." Id. at ¶ 43.  Plaintiff opposes defendants' motion on grounds that the psychotherapist-patient privilege applies here, he has not waived the psychotherapist-patient privilege, and because his confidential mental health records have no relevance to the Section 1983 claims he has asserted.  (Docket # 61).  Plaintiff points out

15

that he has "neither alleged any emotional injury nor sought damages for mental distress of any kind." Id.

In In re Sims, 534 F.3d 117 (2d Cir. 2008), the Second Circuit instructed that

> a plaintiff does not forfeit his psychotherapist-patient privilege merely by asserting a claim for injuries that do not include emotional damage; that a plaintiff does not forfeit that privilege by merely stating that he suffers from a condition such as depression or anxiety for which he does not seek damages; that a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege; and that a party's psychotherapist-patient privilege is not overcome when his mental state is put in issue only by a another party.

Id. at 134.

Here, I find that plaintiff has not placed his mental health at issue by merely asserting a claim for injuries and, as a result, he has not waived the psychotherapist-patient privilege. In his Complaint, plaintiff asserts claims for excessive force against the defendants. Plaintiff does not assert claims for mental or emotional distress and there is nothing in his Complaint which affirmatively places his mental health at issue. Although defense counsel argues that defendants were "aware of [Simcoe's] mental health issues at the time he was arrested," there is no evidence that defendants reviewed or had access to any of plaintiff's mental health records prior to his arrest. Though plaintiff may have defended himself in his criminal lawsuit on grounds that he has mental health issues, defendants have not established how his

subsequent defense in the criminal prosecution is relevant or admissible here in plaintiff's civil action claiming excessive force during the arrest. Accordingly, the Court hereby Orders that defendants' motion to compel plaintiff's mental health records (Docket # 57) is **denied**.[6] See *In re* Sims, 534 F.3d at 142 (holding that the district court erred in finding that the *pro se* plaintiff waived the psychotherapist-patient privilege).

### Conclusion

Plaintiff's motion to amend (Docket # 26) is **denied.** Plaintiff's motion to compel (Docket # 41) is **granted in part and denied in part**. Plaintiff's motion for contempt (Docket # 46) is **denied.** Plaintiff's motion to appoint counsel (Docket # 50) is **denied without prejudice to renew**. Defendants' motion to compel (Docket # 57) is **denied.**

**SO ORDERED.**

_____
          JONATHAN W. FELDMAN
    United States Magistrate Judge

Dated: March 28, 2012
Rochester, New York

---

[6] Nothing in this Decision and Order should be construed as denying the defendants the opportunity to present evidence at trial on what information they were aware of regarding Simcoe's mental health history at the time they encountered him on September 29, 2007 or correspondence or statements Simcoe may have made to the defendants at any time subsequent to his arrest.