UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS SIMCOE,

           Plaintiff,

-vs-

LIEUTENANT TIMOTHY GRAY NTPD,
OFFICER JEFFREY SMITH NTPD, and
OFFICER KEITH
GLASS NTPD,

           Defendants.

**DECISION AND ORDER**
**No. 6:10-CV-6531(MAT)**

---

**INTRODUCTION**

Pro se plaintiff Thomas Simcoe ("Simcoe" or "Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants, all employees of the North Tonawanda Police Department, alleging that they used excessive force in executing his arrest and thereby violated his constitutional rights. The Court granted summary judgment in favor of Defendants, finding that they were entitled to qualified immunity and that, moreover, the force used against Simcoe was not excessive.

Simcoe has filed a motion to vacate the judgment (Docket No. 86) pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Defendant filed opposition papers (Docket No. 87), and the motion was submitted without oral argument on August 1, 2013.

For the reasons discussed below, Simcoe's motion is denied.

**DISCUSSION**

Awarding relief pursuant to Rule 60(b) remains within the sound discretion of the district court. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994). "Because 'final judgments should not be lightly reopened, Rule 60(b) may not be used as a substitute for timely appeal. . . . Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances.'" Central Vermont Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (quoting Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir. 1986)). Thus, Rule 60(b) motions are evaluated against a strict standard.

Rule 60(b) provides that relief may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment. . . .

FED. R. CIV. P. 60(b).

In this case, the only possible sections that could apply are the first provision, Rule 60(b)(1), and the last provision, Rule 60(b)(6). "Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment." Matura v. United States, 189 F.R.D. 86, 89 (S.D.N.Y. 1999). However, Rule 60(b)(1) does not provide a movant an additional

opportunity to make arguments or attempt to prevail on a point already "carefully analyzed and justifiably disposed" by the district court. Id. (citation omitted). Simcoe has merely reargued the contentions he raised in opposition to Defendants' summary judgment motion and labeled them a Rule 60(b) motion. Rule 60(b)(1) does not countenance this. See, e.g., Matarese v. LeFevre, 801 F.2d 98, 107 (2d Cir. 1986) ("The contention that the court's decision misapplied [a Supreme Court case] was inadequate [to show extraordinary circumstances], for a Rule 60(b)(6) motion may not be used as a substitute for appeal.") (citations omitted); see also Matura, 189 F.R.D. at 89 ("Petitioner inappropriately disguises his appeal of his habeas petition, the time for which has lapsed, as a Rule 60 motion without demonstrating to this Court any exceptional circumstances necessitating extraordinary judicial relief.").

Construing Plaintiff's motion broadly as one seeking relief under subsection (6), Rule 60(b)'s catch-all provision, does not lead to a different result. A court "may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable." Maduakolam v. Columbia Univ., 866 F.2d 53, 55 (2d Cir. 1989) (citations omitted). Such a situation is not present here, as Simcoe only has offered grounds which allege factual and legal "mistake[s]" by this Court. Simcoe's alleged grounds for relief thus are covered, if at all, by Rule 60(b)(1). Id. Second,

relief under the catch-all provision of Rule 60(b)(6) is reserved for cases presenting "extraordinary circumstances." Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001). The Court finds that Simcoe has failed to demonstrate any such extraordinary circumstance in this case that would merit relief from judgment under Rule 60(b)(6).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate the Judgment (Docket No. 86) is denied. The Court hereby certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Decision and Order would not be taken in good faith, and therefore denies leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: Rochester, New York
August 12, 2013