UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

THOMAS SIMCOE,

                   Plaintiff,

                                                                    Case # 10-CV-6531-FPG

v.

                                                                    DECISION AND ORDER

LT. TIMOTHY GRAY,
OFFICER JEFFREY SMITH, and
OFFICER KEITH GLASS,

                   Defendants.
───────────────────────────────

Following a five day trial, the jury returned a no cause of action verdict in favor of the Defendants on May 13, 2015. ECF No. 138. Judgment was entered accordingly, ECF No. 140, and Plaintiff Thomas Simcoe ("Simcoe") timely filed a Notice of Appeal on May 28, 2015. ECF No. 141. Presently before the Court is Simcoe's motion seeking a free copy of the trial transcripts. ECF No. 146. For the following reasons, the motion is DENIED.

## DISCUSSION

28 U.S.C. § 753(f) provides that "fees for transcripts furnished ... to persons permitted to appeal *in forma pauperis* shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is "reasonably debatable" and (2) whether the transcript is necessary to the presentation of the appeal. *O'Neal v. Cnty. of Nassau*, 992 F. Supp. 524, 536 (E.D.N.Y. 1997) *aff'd sub nom. O'Neal v. Nassau Cnty. Dep't of Soc. Servs.*, 133 F.3d 907 (2d Cir. 1998) (internal citations omitted). "[C]ourts also take into account ... the cost to the Court of providing the requested transcript." *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02 Civ. 9151, 2009 WL 1730977, at *1 (S.D.N.Y. June 18, 2009).

In support of his motion, Simcoe lists the following issues for his appeal that he claims present a substantial question:

> Whether or not is (sic) was an abuse of discretion to (based on the facts and circumstances of the case):
> (1) not appoint a medical expert of court medical expert (FRE 706);
> (2) not appoint counsel;
> (3) not appoint a police protocol expert to refute the police defendant's incredible version of events;
> (4) not allow the admission of or cross-examination into prior complaints of excessive force against Lt. Gray especially in light of the fact that the defense counsel portrayed (sic) him as the quintessential professional when he was testifying and where defense counsel changed positions from my broken nose as a mere accident, to my ex-wife did it, only to side-step rule 404 (FRE);
> (5) And that the defendant's fabricated radio transmissions specifically ex post facto for this civil trial (see attached letter to prosecutor) and manufactured the rope to inflame the jury. Inextricably linked to this fabrication of evidence is that the jury during deliberations requested a playback of these recordings and I was precluded from challenging this "evidence" during summation;
> (6) The police defendants' testimonies were at least incredible as a matter of law, hence
> (7) The verdict was against the weight of the <u>credible</u> evidence.

ECF No. 146, at 2-3.

Regarding proposed issues 1, 2, 3 and 4, I find that none of these issues raise a question that is reasonably debatable, and I further find that since these matters were all determined on pre-trial motions that the trial transcript is not necessary to perfect an appeal of those matters. Proposed issue 5, which argues that the 911 dispatch recordings from the date in question are fabricated, is frivolous, and so is the contention that the rope introduced at trial (which is the rope Simcoe used to strangle his then-wife, and was introduced at Simcoe's state court trial where he was convicted of attempted murder) is a fabrication. Proposed issues 6 and 7 are overly general and vague and do not provide the Court with any detail regarding these contentions. However, having presided over the trial, I easily conclude that these proposed

2

issues are meritless. Further, given the exceptionally high hurdle that Simcoe must clear to demonstrate that the jury's credibility determination was legally incorrect, I similarly find that these issues do not raise a question that is reasonably debatable.

Aside from those determinations, I would note that documents recently filed with the Second Circuit by the Attica Correctional Facility (where Simcoe is serving his sentence of 51 years to life) demonstrate that Simcoe currently has $4,041.27 available to him in his inmate account. *See* ECF No. 27 in Second Circuit Docket 15-1736. Even after the $505.00 appeals fee is deducted from that amount, Simcoe will have approximately $3,500.00 in his inmate account. That amount is substantially more than the cost of the trial transcripts in this case, which the court reporter estimates to be approximately $1,800.00. Given that Simcoe has no living expenses because he will be imprisoned until at least February 27, 2059[1], there is no reason why the public should pay for the cost of this transcript when Simcoe has the means to pay for it himself.

## CONCLUSION

For all of the foregoing reasons, Simcoe's Motion for a free copy of the trial transcript in this case (ECF No. 146) is DENIED.

IT IS SO ORDERED.

DATED:   Rochester, New York
         July 8, 2015

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[1] Simcoe will first become eligible for parole on February 27, 2059 according to the New York State Department of Corrections and Community Supervision's Inmate Information Search, which can be accessed at http://nysdoccslookup.doccs.ny.gov.