UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS SIMCOE,

            Plaintiff,

v.

LT. TIMOTHY GRAY,
OFFICER JEFFREY SMITH, and
OFFICER KEITH GLASS,

            Defendants.

Case # 10-CV-6531-FPG

DECISION AND ORDER

Following a five day trial, the jury returned a no cause of action verdict in favor of the Defendants on May 13, 2015. ECF No. 138. Judgment was entered accordingly, ECF No. 140, and Plaintiff Thomas Simcoe timely filed a Notice of Appeal on May 28, 2015. ECF No. 141. On November 23, 2016, the United States Court of Appeals for the Second Circuit rejected Plaitniff's arguments on appeal, and affirmed the Judgment in this case. ECF No. 166.

Now before the Court are Simcoe's motions (1) objecting to the Clerk's decision taxing costs against him (ECF No. 150), and (2) seeking various forms of relief, including imposing sanctions against Defendants, denying all costs to Defendants, awarding costs to himself, and vacating the jury's verdict. ECF No. 161. For the following reasons, Simcoe's objections to the Clerk's decision taxing costs is sustained in part and overruled in part, and his motion seeking sanctions, costs and vacatur of the jury's verdict is denied.

## DISCUSSION

    I.      Bill of Costs

Simcoe objects to the taxation of costs against him for two primary reasons. First, he argues that Defendants should be denied all costs because he is a *pro se* litigant. Alternatively, he argues that costs incurred by Defendants associated with Simcoe's successful appeal to the Second Circuit

– which vacated Judge Telesca's prior decision granting summary judgment in favor of Defendants and remanded the matter for trial – should not be taxed against him now.

The default rule in this circuit regarding the award of costs is that "[a]s a general matter, costs – other than attorney's fees – should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). The Rule codifies a venerable presumption that prevailing parties are entitled to costs." *Carter v. Incorporated Village of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014). Further, "the decision to award costs under Rule 54(d)(1) is committed to the sound discretion of the district court." *Carter*, 759 F.3d at 164. However, the ability to tax costs is not unlimited, and district courts are limited in awarding costs to those specifically authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987). Where a bill of costs is challenged, the reviewing district court exercises discretion and "decide[s] the cost question [it]self." *Whitfield v. Scully,* 241 F.3d 264, 269 (2d Cir. 2001)(internal quotation marks and citation omitted).

In this case, $9,991.01 in costs was awarded to Defendants by the Clerk, which included $6,538.76 in costs expended by Defendants regarding the appeal of Judge Telesca's summary judgment decision. *See* ECF No. 148. The Court finds that these costs are not properly taxed against Simcoe since he prevailed on that appeal, which led to the trial of this action. While Defendants ultimately prevailed at trial, it does not follow that Simcoe should be taxed with the costs of his successful pre-trial appeal. As such, the Court sustains Simcoe's objections to the $6,538.76 in appellate costs taxed by the Clerk, and the total amount taxed as costs against Simcoe is reduced to $3,452.25. Simcoe's objections to the taxation of costs are otherwise denied.

II.     Miscellaneous Relief

Simcoe's application for miscellaneous relief merits little discussion, and must be denied. First, Simcoe has already appealed the Court's trial rulings and the jury's verdict to the Second Circuit, who affirmed this Court's Judgment disposing of the case. As such, he cannot now seek

a new trial, as his time to do so expired long ago. Additionally, even if the application were considered on the merits, it would still be denied. Simcoe has presented no reason upon which to grant him a new trial, and his repeated arguments – which were previously made to, and were rejected by both this Court and the Second Circuit – are meritless. As the Court previously stated, Simcoe's arguments that "the 911 dispatch recordings from the date in question are fabricated is frivolous, and so is the contention that the rope introduced at trial (which is the rope Simcoe used to strangle his then-wife, and was introduced at Simcoe's state court trial where he was convicted of attempted murder) is a fabrication." ECF No. 147 at 2. The motion for a new trial is denied.

Simcoe's other request that he, as the losing party, be awarded some form of costs is without any basis in law or fact, and is also denied.

## CONCLUSION

For all of the foregoing reasons, Simcoe's Objections (ECF No. 150) to the Clerk's decision taxing costs are sustained in part and overruled in part, and the Clerk's award of costs is modified to an award of $3,452.25 against Simcoe. Simcoe's miscellaneous motions, including those for a new trial and for costs to be awarded in his favor (ECF No. 161) are also denied.

IT IS SO ORDERED.

DATED:   September 25, 2017
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court