UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS B. SIMCOE,

        Plaintiff,

v.

                 Case # 10-CV-6531-FPG

                 DECISION & ORDER

LIEUTENANT TIMOTHY GRAY, NTPD, et al.,

        Defendants.

   On September 6, 2018, Plaintiff Thomas B. Simcoe sent a letter to the Court requesting it to seal medical records publicly available on the docket. ECF No. 168. The Court construes Simcoe's letter as a motion to seal given its responsibility to construe his pro se submission liberally. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017). After reviewing the relevant law and the docket in its entirety, the Clerk of Court is directed to seal ECF Nos. 30, 39, and 115 in their entirety.

   The Second Circuit has deemed "[t]he common law right of public access to judicial documents" as "firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also id.* at 120 (recognizing that the public and press have a qualified First Amendment right to access judicial documents and attend judicial proceedings). Consequently, when a party moves to seal documents, the Court must undertake a three-step process to determine whether the documents at issue should be sealed. *See id.* at 119-120. The burden of showing that the documents should be sealed rests on the movant. *E.g.*, *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621-22 (S.D.N.Y. 2011).

   The Court must first determine whether the documents are "judicial documents" to which the presumption of access attaches. *See Lugosch*, 435 F.3d at 119. A "judicial document" is

"relevant to the performance of the judicial function and useful in the judicial process;" merely filing a document with the Court "is insufficient to render that paper a judicial document subject to the right of public access." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amadeo I*")).

Next, if the documents are judicial, the Court must determine the weight of the presumption of access. *Id.* The weight is based on the role the documents play in the Court's "exercise of the Article III judicial power" and the consequent value of the information to those who monitor federal court proceedings. *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amadeo II*")). Generally, the role will fall on a "continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *Amodeo II*, 71 F.3d at 1049). For example, documents exchanged during discovery are "beyond the presumption's reach and stand on a different footing" than documents filed in support of a motion. *Lytle*, 810 F. Supp. 2d at 621 (quoting *Amodeo II*, 71 F.3d at 1050) (quotation marks omitted).

Finally, the Court must balance the weight of the presumption against "competing considerations." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050) (quotation marks omitted). Examples of the latter include "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (quoting *Amodeo II*, 71 F.3d at 1050) (quotation marks omitted).

Here, Simcoe's medical records should be sealed. Applying the required analysis, Simcoe's medical records were filed in response to discovery requests, which makes them judicial documents. *See* ECF Nos. 30, 39, 115. Because they are discovery documents, however, the weight of the presumption of access is low. *See Lytle*, 810 F. Supp. 2d at 621 (quoting *Amodeo II*, 71 F.3d at 1050). Finally, Simcoe has a strong privacy interest in his medical information. Indeed,

this Court and other district courts within the Second Circuit routinely seal medical records. *E.g.*, *Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010).

Accordingly, Simcoe's Motion to Seal, ECF No. 168, is GRANTED. The Clerk of Court is directed to seal ECF Nos. 30, 39, and 115 in their entirety.

IT IS SO ORDERED.

Dated: October 3, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court